

**FILED**

JUN 2 1 2022

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

1:22cv 48

STATE OF WEST VIRGINIA

COUNTY OF MONONGALIA, TO-WIT:

      I, Jean Friend, Clerk of the Circuit Court of Monongalia County, State

aforesaid, hereby certify that the foregoing are copies of the original papers

filed, and a complete record of the proceedings had in the within action of

**FLORENCE M. ROBEY AND BRIAN D. ROBEY**

vs.       Civil Action No.  22-C-113

**ALLISON B. HOYT**

lately pending in said Circuit Court.

      Given under my hand and the seal of said Circuit Court on this 13th

day of June, 2022.

Circuit Clerk of Monongalia Co., WV

CASE#: **22-C-113**      Sub Code:      Date Opened: 05/11/2022

                                         Date Printed: 06/13/2022

JUDGE: SUSAN B. TUCKER

vs    Plaintiff:    **FLORENCE M. ROBEY**

     Defendant:    **ALLISON B. HOYT**

Pro Attorney:   JOHN R. ANGOTTI

Def Attorney:   GEORGE A. HALKIAS

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 1 | 05/11/2022 | Complaint Filed | | 200.00 | 200.00 | .00 |
| 2 | 05/11/2022 | Pl's first set of interrogatories and requests for production to | | .00 | .00 | .00 |
| 3 | 05/11/2022 |   defendant, Allison B. Hoyt | | .00 | .00 | .00 |
| 4 | 05/11/2022 | Additional Clerks Fees | | 5.00 | 5.00 | .00 |
| 5 | 05/11/2022 | Process issued CM | | 20.00 | 20.00 | .00 |
| 6 | 05/11/2022 | Process issued C/S on UIM Carrier | | .00 | .00 | .00 |
| 7 | 05/20/2022 | S/S accepted service on behalf of Nationwide Mutual Ins. Co. on | | .00 | .00 | .00 |
| 8 | 05/20/2022 |   5/13/22 | | .00 | .00 | .00 |
| 9 | 05/26/2022 | *Response of Nationwide Mutual Ins. Co To Service of Pls' Complaint | | .00 | .00 | .00 |
| 10 | 05/26/2022 |   As Authorized Under the Underinsured Motorist Provisions of WV | | .00 | .00 | .00 |
| 11 | 05/26/2022 |   Code 33-6-31(d) (Halkias) | | .00 | .00 | .00 |
| 12 | 06/02/2022 | Def. Allison B. Hoyt's Answer to Pls' Complaint (Warner) | | .00 | .00 | .00 |
| 13 | 06/13/2022 | Notice of Filing of Notice of Removal | | .00 | .00 | .00 |
| 14 | 06/13/2022 | REMOVED TO FEDERAL COURT | | .00 | .00 | .00 |
| | | **Totals** | | **225.00** | **225.00** | **.00** |

**IN THE CIRCUIT COURT OF** _____ **MONONGALIA** _____ **COUNTY, WEST VIRGINIA**

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

| | |
|---|---|
| **Plaintiff(s)** | **Case No.** 22-C-_113_ |
| FLORENCE M. ROBEY and | **Judge:** _SBT_ |
| BRIAN D. ROBEY | |
| | **Plaintiff's Phone:** _____ |
| **vs.** | |
| **Defendant(s)** | **Days to Answer** |
| ALLISON B. HOYT | **Type of Service** |
| Name | 20    CERTIFIED MAIL-RESTRICTED DEL. |
| 8109 KENTBURY DRIVE | |
| Street Address | **Defendant's Phone:** _____ |
| BETHESDA, MD 44747 | |
| City, State, Zip Code | |

**II. TYPE OF CASE:**

- [x] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [x] Other: PERSONAL INJURY

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [x] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): _5/23_

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [ ] No

**IF YES, PLEASE SPECIFY:**

- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

| | |
|---|---|
| Attorney Name: John R. Angotti, David J. Straface, Chad C. Groome | **Representing:** |
| Firm: Angotti & Straface, L.C. | [x] Plaintiff [ ] Defendant |
| Address: 274 Spruce Street, Morgantown, WV 26505 | [ ] Cross-Defendant [ ] Cross-Complainant |
| Telephone: (304) 292-4381 | [ ] 3rd-Party Plaintiff [ ] 3rd-Party Defendant |

[ ] **Proceeding Without an Attorney**

Original and _____ copies of complaint enclosed/attached.

Dated: _5/10/22_    Signature: _____

FILED
MAY 11 2022
JEAN FRIEND, CLERK

**SCA-C-100:** Civil Case Information Statement (Other than Domestic Relations)   Revision Date: 4/2020

**Plaintiff:** Florence M. Robey and Brian D. Robey _, et al_

vs.

Case Number: 22-C- 113

**Defendant:** Allison B. Hoyt _, et al_

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

NATIONWIDE MUTUAL INSURANCE CO.
Defendant's Name

%Corporation Service Co - 209 W. Washington St
Street Address

Charleston, WV 25302
City, State, Zip Code

Defendant's Phone: _____

Days to Answer:    30

Type of Service: Secretary of State/
Service on Underinsured Carrier

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

Street Address

City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

**SCA-C-100:  Civil Case Information Statement-Defendant(s) Continuation Page**          Revision Date: 4/2020

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**FLORENCE M. ROBEY and**
**BRIAN D. ROBEY,**

      **PLAINTIFFS,**

**VS.**                  **CIVIL ACTION NO.** *22-C-113*

**ALLISON B. HOYT,**                **INTERROGATORIES AND REQUESTS**
                                    **FOR PRODUCTION SERVED WITH**
      **DEFENDANT.**             **SUMMONS AND COMPLAINT**

### COMPLAINT

NOW COME, the plaintiffs, Florence M. Robey and Brian D. Robey, by and through their counsel, John R. Angotti, David J. Straface, Chad C. Groome and Angotti & Straface, L.C., and for their Complaint against the defendant, Allison B. Hoyt, hereby allege as follows:

1. The plaintiffs, Florence M. Robey and Brian D. Robey, are married residents of 521 Michigan Avenue, Westover, Monongalia County, West Virginia 26501.

2. Upon information and belief, the defendant, Allison B. Hoyt, is a resident of 8109 Kentbury Drive, Bethesda, MD 44747.

3. The Circuit Court of Monongalia County has subject matter jurisdiction over the claims set forth in the instant Complaint and may properly exercise personal jurisdiction over the defendant.

4. The Circuit Court of Monongalia County is a proper venue of the instant civil action.

5. On or about August 1, 2020, the plaintiff, Florence M. Robey, was lawfully operating 2019 Kia Rio on or near the I-79 exit ramp of 153 Northbound near its intersection with University Town Center Drive, in Morgantown, Monongalia County, West Virginia.

FILED

MAY 1 1 2022

1

JEAN FRIEND, CLERK

6. On that same date, the defendant, Allison B. Hoyt, was operating a 2011 Honda Accord behind the plaintiff, Florence M. Robey, and did strike the rear end of the 2019 Kia Rio being operated by plaintiff.

7. The acts and/or omissions of the defendant, Allison B. Hoyt, did amount to negligence and/or recklessness against the plaintiff, Florence M. Robey, in one or more of the following particulars:

   a. Failure to maintain a safe following distance;

   b. Following too closely;

   c. Failure to keep a proper lookout;

   d. Failure to maintain control of a motor vehicle;

   e. Inattentive and/or distracted driving; and/or

   f. Failure to exercise due care generally.

8. The acts and/or omission of the defendant, Allison B. Hoyt, did violate one or more provision of the West Virginia Code, Chapter 17C, with regard to the safe and proper operation of a motor vehicle including, but certainly not limited to **W.Va. Code § 17C-6-1(a)** and **W.Va. Code § 17C-7-10(a),** as well as equivalent provisions of the **Morgantown City Code**.

9. The plaintiff, Florence M. Robey, did not cause or contribute to the subject motor vehicle collision and is not comparatively negligent for the same.

10. The acts and/or omissions of the defendant, Allison B. Hoyt, did proximately cause the plaintiff, Florence M. Robey, bodily injuries, requiring medical treatment and for which she continues to require medical treatment.

2

11. The acts and/or omissions of the defendant, Allison B. Hoyt, did proximately cause the plaintiff, Florence M. Robey, damages for which she should be compensated, including, but not limited to, physical pain and suffering, mental and emotional distress, annoyance, inconvenience, loss of the ability to fully function as a person, loss of enjoyment of life, medical bills, employment loss, economic loss, attorney's fees, interest, costs, and other general and/or special damages for which he should be compensated.

12. The acts and/or omissions of the defendant, Allison B. Hoyt, did proximately cause the plaintiff, Florence M. Robey, damages which are believed to be permanent and/or reasonably certain to cause her future damages for which she should be compensated, including, but not limited to, physical pain and suffering, mental and emotional distress, annoyance, inconvenience, loss of the ability to fully function as a person, loss of enjoyment of life, medical bills, employment loss and/or loss of future earning capacity, economic loss, attorney's fees, interest, costs, and other general and/or special damages for which he should be compensated.

13. The acts and/or omissions of the defendant, Allison B. Hoyt, did proximately cause the plaintiff, Brian D. Robey, to suffer the society, comfort and consortium of his wife, Florence M. Robey, and reasonably anticipates to continue to suffer said loss in the future, for which he should be compensated.

**WHEREFORE**, the plaintiffs, Florence M. Robey and Brian D. Robey, by and through their undersigned counsel, hereby respectfully demand judgment against the defendant, Allison B. Hoyt, for compensatory damages in excess of the jurisdictional threshold of the Court in an amount sufficient to make them whole for their injuries and/or

damages, for attorney's fees and costs where allowable by law, for pre- and/or post-judgment interest where allowable by law, and for such additional favorable relief as the Court deems just and appropriate.

## A JURY TRIAL IS DEMANDED ON ALL ISSUES.

Respectfully Submitted,
FLORENCE M. ROBEY and BRIAN D. ROBEY, Plaintiffs,

BY:  _____
John R. Angotti, Esquire (W.Va. Id #5068)
David J. Straface, Esquire (W.Va. Id # 3664)
Chad C. Groome, Esquire (W.Va. Id #9810)
Angotti & Straface, L.C.
274 Spruce Street
Morgantown, WV 26505
(304) 292-4381 – P
(304) 292-7555 - F
*Of Counsel for Plaintiffs*

4

**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

**FLORENCE M. ROBEY and**
**BRIAN D. ROBEY,**

     **PLAINTIFFS,**

**VS.**                **CIVIL ACTION NO.** _22 - C - 113_

**ALLISON B. HOYT,**         **INTERROGATORIES AND REQUESTS**
                       **FOR PRODUCTION SERVED WITH**
     **DEFENDANT.**        **SUMMONS AND COMPLAINT**

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR**
**PRODUCTION TO DEFENDANT, ALLISON B. HOYT**

    Pursuant to the provision of Rules 33 and 34 of the West Virginia Rules of Civil

Procedure, plaintiffs, Florence M. Robey and Brian D. Robey, by counsel, hereby request

the defendant, Allison B. Hoyt, answer and respond separately, in writing and under oath,

to the following interrogatories and requests for production and to produce the following

documents and things or copies thereof.  Service of the defendant's answers and a true

copy of each and every document or object requested may be made upon the

undersigned by depositing an answer and a true copy of each and every document or

object requested in the U.S. Mail, postage prepaid, to Angotti & Straface, L.C. 274 Spruce

Street, Morgantown, W.Va. 26505, or by delivering the same as such other place as may

be agreed upon by the parties, within thirty (30) days of service of the same upon you.


**INSTRUCTIONS**

1.    The below interrogatories are deemed to be continuing so as to require the filing

of supplemental answers promptly in the event that any of the defendants or any

defendant's representatives, including counsel, learn additional facts not set forth in the

answers or discover that information given in response to any of the interrogatories is

**FILED**

MAY 11 2022

JEAN FRIEND, CLERK

1

incorrect. Such supplemental answers may be filed from time to time, but in no event later than thirty (30) days after such further information is received.

2.      Each interrogatory is to be answered separately and as completely as possible. The omission of any name, fact or other representation that such name, fact or item was not known to the defendant, counsel or other representatives at the time of the service of the answers will be deemed controlling.

3.      Each document or thing produced in response to any of the specifications herein is to be marked to indicate the specific number in response to which it is being submitted.

4.      If a document or thing is withheld under any claim of privilege, identify and describe each such document or thing specifically and state with respect to each such document the subject matter and basis for any claim of the privilege in accordance with controlling West Virginia law.

5.      This request is to be continuing in nature such that all requested documents and things obtained, prepared or otherwise generated in the future through the completion of these proceedings are requested to be produced.

### DEFINITIONS

The following definitions shall apply throughout these interrogatories and requests.

1.      The words "defendant," "you," and "your" includes your parent and sister corporations and entities, employees, agents and representatives, including your in-house counsel.

2.      The word "describe" and "state" shall mean:

   a.      describe or state fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law;

   b.      particularize as to

            (i)      time

            (ii)      place

2

(iii)     manner

3.      The word "identify" as used in connection with a person or persons means to state the name, title, and present address and telephone number of such person or persons.

4.      The word "identify" as applied to any document means to state the following:

a.      its date;

b.      the identity of its author;

c.      the identity of its sender;

d.      the identity of the person to whom it was addressed;

e.      the identity of the recipient;

f.      the format;

g.      the title;

h.      the number of pages; and

i.      the identity of the persons known or believed to have possession, custody or access to the documents.

5.      The word "document" shall mean any written, electronic, printed, typed or other graphic matter of any kind or nature, including but not limited to agreements, notes, memorandum, agenda, calendar entries, correspondence and financial records, and all mechanical and electronic sound recordings or transcripts thereof in the possession and/or control of the defendant or agents of the defendant or known by the defendant to exist.

6.      Where appropriate, the singular means the plural and the plural means the singular.

3

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**       Please identify your name, prior names or aliases, residential addresses for the past ten (10) years (along with persons you reside with), date of birth, marital status, spouse's identity, and present employer.

**ANSWER**:


**INTERROGATORY NO. 2:**       Please identify complete employment history.

**ANSWER**:


**INTERROGATORY NO. 3:**       Please identify each and every person and entity known and/or believed by you to possess discoverable information and provide a summary of the information you know or believe each individual and entity to possess.  Identify any and all documents and items supporting your response.

**ANSWER**:


**INTERROGATORY NO. 4:**  If you have ever been charged and/or convicted of any crime, including traffic violations, please state:

- (a)    The nature, jurisdiction, location and case number of the offense and/or charge;
- (b)    A summary of the charges and allegations against you;
- (c)    The result of the case or charge;
- (d)    The date on which you were convicted or acquitted;
- (e)    The sentence given and/or terms placed upon you.


**ANSWER**:

**INTERROGATORY NO. 5:**        Please identify all states which have issued a standard and/or commercial driver's license to you, the date each was issued and the current status thereof.

**ANSWER**:


**INTERROGATORY NO. 6:**        State whether or not your license has ever been suspended or revoked and if so, please state:

    (a)    The state, date and reason for suspension or revocation;

    (b)    The date and nature of the citation issued if any;

    (c)    The date on which your license was re-instated.

**ANSWER**:


**INTERROGATORY NO. 7:**        Please state each time you have been made a party to a lawsuit, whether you were plaintiff or defendant, date of filing of said lawsuit, the place the lawsuit was filed, and the general substance of the lawsuit.

**ANSWER**:


**INTERROGATORY NO. 8:**        If you have ever been involved in any type of vehicular accident either prior to or subsequent to the collision that is the subject of the plaintiffs' Complaint, please state the date and location of each accident, the circumstances involving each accident, whether you were at fault for the same, and the names and addresses of all persons involved in each accident.

**ANSWER**:

5

**INTERROGATORY NO. 9:**         Describe in complete detail how you contend the August 1, 2020 collision with plaintiff, Florence M. Robey, occurred, which is the subjection of this civil action.  Identify any and all documents and items supporting your response.

**ANSWER**:


**INTERROGATORY NO. 10:**          Have you ever entered or been committed to any institution, either public or private, for treatment or observation of any mental condition, alcoholism, narcotic or drug addiction, or disorders of any kind?  If so, please state the name and address of each such institution, the approximate dates of treatment, the purpose or reason for your entry into such institution, and the name and address of the doctor who treated you for your condition.

**ANSWER:**


**INTERROGATORY NO. 11:**       State the type, amount, and time of any alcohol, narcotics, or drugs of any kind (prescription or otherwise) consumed by you within twenty-four (24) hours prior to the collision, which is the subject of this Complaint.  For each, please indicate the time, manner, and place of ingestion of each.

**ANSWER:**


**INTERROGATORY NO. 12:**       Prior to the collision that is the subject of this lawsuit, list every place you had been or visited for the twenty-four (24) hour time period prior to the collision.  Please further state your intended destination at the time of the collision and where you were traveling from.

**ANSWER:**

**INTERROGATORY NO. 13:**    State whether or not there were any defects in the road surface or obstruction upon the road surface, which contributed to the happening of the collision in question.

**ANSWER:**


**INTERROGATORY NO. 14:**    Please indicate whether you were using a cell phone at the time of the collision.  Please further indicated the identity of your cell phone provider(s) on the date of the collision and specify each cell number associated with any cell phone account held by you.

**ANSWER:**


**INTERROGATORY NO. 15:**   Have you or anyone acting on your behalf obtained a statement from any person, and in any form, relating to the events in any way associated to the accident herein. If so, please state the name, address, and telephone number of each person from whom each statement was taken, and the name, address, and telephone number of each person having possession, custody, or control of the original, or any copies of each written statement. Please produce same.

**ANSWER:**


**INTERROGATORY NO. 16:**    Please identify each and every communication between you and the plaintiffs and specify the details and dates of each communication.

**ANSWER:**


**INTERROGATORY NO. 17:**    Please identify each and every witness you intend to call at the trial of this matter.

**ANSWER:**


7

**INTERROGATORY NO. 18:**      Please identify each and every exhibit, real and demonstrative, you intend to introduce at the trial of this matter and/or utilize for demonstrative purposes.

**ANSWER:**


**INTERROGATORY NO. 19:**      Please indicate whether you or any of your passengers were injured in the subject collision and/or whether you obtained or were subjected to medical treatment or an examination following the subject collision.  Please identify any and all documents and items which support your response.

**ANSWER:**


**INTERROGATORY NO. 20:**      Please identify each and every relative or close friend of yours who resides in Monongalia County, West Virginia.

**ANSWER:**


**INTERROGATORY NO. 21:**      Please indicate your full educational history starting with high school.  For each, indicate your years of attendance, the location of each school, and the type of degrees or certifications that were conferred upon you by each.

**ANSWER:**

**INTERROGATORY NO. 22:** Please identify every person or entity you alleged should be a party to this lawsuit and the factual and legal basis for your contentions in this regard. Identify any and all documents and items evincing your response.

**ANSWER:**

**INTERROGATORY NO. 23:** Please state the name, address and telephone number of all persons you intend to call as expert witnesses in this action, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds and basis of each opinion.

**ANSWER:**


**INTERROGATORY NO. 24:** Please identify all writings, documents or other tangible things known to you or your attorney, which may, in any way, support or tend to support your belief as to how this accident happened.

**ANSWER:**


**INTERROGATORY NO. 25:** Please identify all insurance agreements under which any insurer may be liable to satisfy all or part of a judgment which may be entered in the action, or to indemnify or reimburse for payments made to satisfy the judgment.  Identify any and all documents and items evincing your response.

**ANSWER:**


**INTERROGATORY NO. 26:** Do you or your attorney or anyone acting on your behalf, have or know of any photographs of the parties' vehicles or accident scene, maps, drawings, diagrams, measurements, survey, other descriptions, covering the accident as alleged in the complaint made either before or after the accident herein. If so, please state the nature of each item, what each item purports to show, illustrate or represent; date

9

each item was made or taken; name and last known address of the person making or taken of each item; and the name and address of the person having the present custody of each item. Also, please produce copies of same pursuant to Request for Production No. 1. Color photographs may be provided to counsel for plaintiff in color printed form or on a CD in JPG format.

**ANSWER:**

**INTERROGATORY NO. 27:**    Were you acting in the course of your employment at the time of the subject collisions or performing an act for another person or entity?  If so, please identify said persons or entities, the acts you were performing, and the nature of your relationship.  Please further identify your place or departure and intended destination at the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 28:**    Please   identify   each   and   every   communication regarding the subject collision between you and (a) the investigating officer(s); (b) the fire department; (c) any EMT or emergency medical worker; and (d) any witnesses, passengers, and/or third parties at the scene.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Any and all statements of any persons relating to the incident, which is the subject of this lawsuit, including a copy of the subject accident report.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Any and all photographs depicting the damage to the vehicles involved in the collision which is the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Any and all photographs depicting the defendant's vehicle prior to the collision which is the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Any and all photographs depicting the plaintiff's or defendant's vehicle following repairs to said vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Any and all photographs and video depicting the scene of the collision which is the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  Any and all photographs, video, maps, plats, charts, diagrams or other exhibits you intend to introduce at the trial of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  Any and all correspondence (written or electronic), reports, memorandums or records within the possession, custody or control of the defendant which relate to the collision which is the subject of this lawsuit or allegations in the plaintiffs' Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  Any and all documents or other tangible items, including, but not limited to, maps, plats, diagrams, motion pictures or drawings which the defendant has in his possession regarding the collision which is the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  Please produce copies of any and all driver's licenses (both sides) that have been issued to you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  Please produce any and all documentation regarding the suspension or revocation of any license held by you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Please produce any and all documentation that reflects any prior lawsuits or insurance claims by or against you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Please produce any and all documentation and accident reports relating to prior or subsequent motor vehicle collisions in which you were involved.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Please produce a complete copy of your cell phone bill and/or cell phone records which regard and/or demonstrate you cell phone usage on the date of the subject collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Please produce a complete copy of any and all insurance policies, including declarations page, which may provide you with coverage for the allegations set forth in the plaintiffs' Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Please produce a copy of any and all documents or items referenced in or relied upon by you in responding to any of the foregoing interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Please produce and provide a copy of the estimate, bill, invoice, or other document for the damages sustained to the defendant's vehicle involved in this accident, including any supplemental or additional bill, invoice or document.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All photographs, memoranda, reports or written statements available to or in defendant's or defendant's attorney's possession in any way relating to the accident scene or injuries described in the Complaint or of the vehicles involved in the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Please attach all written reports or opinions provided to defendant or defendant's attorney from any expert whom you may call as a witness at the trial of this civil action along with the experts' CVs, fee schedules, and a list of all cases in which the expert has provided deposition or trial testimony.

**RESPONSE:**

14

**REQUEST FOR PRODUCTION NO. 19:** Please attach the cellular telephone bills, records, or other documents for the cellular telephone number that you were using on the date of the accident for the period of time 12:01 a.m. until 11:59 p.m.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20:** Please provide any and all surveillance videos, photographs, or digital recordings taken of the defendant by the defendant's servants, agents, employees, representatives, or private investigator from the date of the accident through the date of the trial herein.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21:** Please produce any and all documents regarding any and all criminal charges against you, including traffic citations, and the results of the same.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22:** Please produce any and all documents and/or items you rely upon in support of your defense.

**RESPONSE:**

Respectfully Submitted,
FLORENCE M. ROBEY and BRIAN D.
ROBEY, Plaintiffs,

BY:

John R. Angotti, Esquire (W.Va. Id #5068)
David J. Straface, Esquire (W.Va. Id # 3664)
Chad C. Groome, Esquire (W.Va. Id #9810)
Angotti & Straface, L.C.
274 Spruce Street
Morgantown, WV 26505
(304) 292-4381 – P
(304) 292-7555 - F
*Of Counsel for Plaintiffs*

16

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**FLORENCE M. ROBEY and**
**BRIAN D. ROBEY,**

        **PLAINTIFFS,**

**VS.**                            **CIVIL ACTION NO.** _____

**ALLISON B. HOYT,**              **INTERROGATORIES AND REQUESTS**
                                      **FOR PRODUCTION SERVED WITH**
          **DEFENDANT.**               **SUMMONS AND COMPLAINT**

## CERTIFICATE OF SERVICE

    Undersigned counsel hereby certifies that a true and accurate copy of the foregoing **PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, ALLISON B. HOYT** was served upon the defendant, Allison B. Hoyt, contemporaneously with a copy of the Summons and Complaint at the following address by Certified Mailing by the Monongalia County Circuit Clerk:

Allison B. Hoyt
8109 Kentbury Drive
Bethesda, MD 44747

*Of Counsel for Plaintiffs*



**IN THE CIRCU**[...]**VIRGINIA**

**FLORENCE M. ROBEY, and
BRIAN D. ROBEY**

**VS**

**ALLISON B. HOYT
8109 Kentbury Drive
Bethesda, MD 44747**

**·113**

**Defendant(s).**

**TO THE ABOVE NAMED DEFENDANT(S):**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **John R. Angotti, David J. Straface, Chad C. Groome,** Plaintiff's attorneys, whose address is **274 Spruce St., Morgantown, WV 26505** any answer, you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **20 days** after service of this summons upon you, exclusive of the date of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have.

Date: May 11, 2022

Jean Friend Clerk of the Circuit Court

**FOR RETURN**

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

MONONGALIA CO CIRCUIT COURT
75 HIGH STREET
SUITE 12
Morgantown, WV 26505-5427

| | | | |
|---|---|---|---|
| **Control Number:** 292386 | | **Agent:** Corporation Service Company | |
| **Defendant:** NATIONWIDE MUTUAL INSURANCE COMPANY | | **County:** Monongalia | |
| 209 West Washington Street | | **Civil Action:** 22-C-113 | |
| Charleston, WV 25302 US | | **Certified Number:** 92148901125134100003500418 | |
| | | **Service Date:** 5/13/2022 | |

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in the name and on behalf of your authorized insurance company as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**FILED**

MAY 2 0 2022

JEAN FRIEND, CLERK



# SUMMONS

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**FLORENCE M. ROBEY, and
BRIAN D. ROBEY**

**Plaintiff(s),**    **Civil Action: 22-C-113**

**VS**

**ALLISON B. HOYT
8109 Kentbury Drive
Bethesda, MD 44747**

**Defendant(s).**

**Please also serve:**

**NATIONWIDE MUTUAL INSURANCE CO.
c/o Corporation Service Co.
209 W. Washington St.
Charleston, WV 25302**

**Underinsured Motorist Carrier**

### TO THE ABOVE NAMED DEFENDANT(S):

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **John R. Angotti, David J. Straface, Chad C. Groome,** Plaintiff's attorneys, whose address is **274 Spruce St., Morgantown, WV 26505** any answer, you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within **30 days** after service of this summons upon you, exclusive of the date of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have.

Date: May 11, 2022

_____
**Jean Friend Clerk of the Circuit Court**

# FOR RETURN

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**FLORENCE M. ROBEY and
BRIAN D. ROBEY,**

      **Plaintiffs,**

**v.**                                    **CIVIL ACTION NO. 22-C-113
Hon. Susan B. Tucker**

**ALLISON B. HOYT,**

      **Defendant.**

## RESPONSE OF NATIONWIDE MUTUAL INSURANCE COMPANY TO SERVICE OF PLAINTIFFS' COMPLAINT AS AUTHORIZED UNDER THE UNDERINSURED MOTORIST PROVISIONS OF WEST VIRGINIA CODE §33-6-31(d)

Nationwide Mutual Insurance Company (hereinafter referred to as "Nationwide"), a non-party to this action, through its counsel, Law Office of Asad U. Khan, Nationwide Trial Division, by George A. Halkias, Esquire, in answer and response to Plaintiffs' service of the Complaint heretofore filed herein upon Nationwide, states and alleges as follows:

1.    Nationwide hereby answers and otherwise responds to service of the Complaint for purposes of asserting any and all policy defenses it may have against the Plaintiffs under Policy Number 92 47 V 049237, as is authorized under West Virginia Code Chapter 33, Article 6, Section 31(d) and *State ex rel. Allstate Insurance Company v. Karl*, 437 S.E. 2d 749 (W.Va. 1993), cert. denied 510 U.S. 1194 (1994) and to prevent a default judgment from being taken against any alleged underinsured motorist.

2.    Nationwide denies that the alleged coverage is applicable but is filing the instant Response to preserve and protect its interests in the event it is determined that the underinsured motorist coverage is available to Plaintiffs for the subject accident.

22-005692                   1

**FILED
MAY 26 2022
JEAN FRIEND, CLERK**

3.      Nationwide, by making an appearance and filing the instant Response herein, is not admitting liability for the alleged injuries and damages suffered by Plaintiffs but instead is filing the instant Response to preserve and protect its interests if it is so determined that the Plaintiff is entitled to underinsured motorist coverage under Policy Number 92 47 V 049237.

4.      Nationwide hereby reserves unto itself its right pursuant to West Virginia Code Chapter 33, Article 6, Section 31(d) to appear and file pleadings and to appear at trial in the name of any alleged underinsured motorist.

5.      Responding to the allegations set forth in Plaintiffs' Complaint in the name of any potential underinsured motorist as authorized by the provisions of West Virginia Code Chapter 33, Article 6, Section 31(d), Nationwide states that, not having been fully advised as to all the facts and circumstances which form the basis of Plaintiffs' Complaint, it is without sufficient knowledge to form a basis to respond to the allegations therein, and therefore, denies said allegations and demands strict proof thereof.

6.      Nationwide furthermore incorporates by reference as if set forth verbatim herein any and all defenses, if any, as set forth in any answer which may have been filed by Defendant.

7.      Nationwide further reserves unto itself any and all affirmative defenses and other matters, whether legal or factual, which may constitute an avoidance or affirmative defense as the same is contemplated by Rule 8(c) of the *West Virginia Rules of Civil Procedure* and which may be applicable under the facts and circumstances of this civil action or which may become known and apparent during the discovery process.

### First Defense

For a first separate and distinct defense, each and every allegation of the Complaint not specifically admitted herein is denied.

### Second Defense

For a second, separate and distinct defense, it is affirmatively stated that to the extent that any of the following affirmative defenses are applicable based upon the evidence adduced in this matter, the following affirmative defenses are hereby invoked: accord and satisfaction; arbitration and award; comparative negligence; assumption of the risk; discharge in bankruptcy; duress; waiver; estoppel; failure of consideration; fraud; running of the statute of limitations; lack of personal jurisdiction; lack of service of process; improper service of process; improper venue; improper notice; and any other matter constituting an avoidance or affirmative defense.

### Third Defense

For a third, separate and distinct defense, Nationwide further reserves the right to assert any additional defenses which may become apparent as discovery proceeds in this action.

**WHEREFORE**, Nationwide Mutual Insurance Company, having acknowledged receipt of service of the Summons and Complaint, filed herein, and having responded thereto pursuant to the statutory provisions cited hereinabove, does further request that copies of any and all further pleadings and documents in this action be served upon the undersigned counsel for Nationwide Mutual Insurance Company.

Respectfully Submitted,

**NATIONWIDE MUTUAL
INSURANCE COMPANY,**

By Counsel,

3



GEORGE A. HALKIAS
West Virginia State Bar No. 6323
LAW OFFICE OF ASAD U. KHAN
NATIONWIDE TRIAL DIVISION
300 Summers Street, Suite 1460
Charleston, West Virginia 25301
Phone 304-346-2272
Direct Dial 304-206-3107
Fax 855-857-9800
Halkig1@nationwide.com

4

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**FLORENCE M. ROBEY and**
**BRIAN D. ROBEY,**

      **Plaintiffs,**

**v.**                                        **CIVIL ACTION NO. 22-C-113**
                                          **Hon. Susan B. Tucker**

**ALLISON B. HOYT,**

      **Defendant.**

<u>**CERTIFICATE OF SERVICE**</u>

    I, George A. Halkias, counsel for Nationwide Mutual Insurance Company, do hereby certify that on the **26th day of May 2022,** I faxed a true copy of the foregoing *RESPONSE OF NATIONWIDE MUTUAL INSURANCE COMPANY TO SERVICE OF PLAINTIFFS' COMPLAINT AS AUTHORIZED UNDER THE UNDERINSURED MOTORIST PROVISIONS OF WEST VIRGINIA CODE §33-6-31(d)* to the following:

John R. Angotti, Esq. (Bar 5068)
David J. Straface, Esq. (Bar 2664)
Chad C. Groome, Esq. (Bar 9810)
Angotti & Straface, L.C.
274 Spruce St.
Morgantown, WV 26505
Phone 304-292-4381; Fax 304-292-7555
johnangotti@angottistrafacelaw.com
*Counsel for Plaintiffs*

GEORGE A. HALKIAS
West Virginia State Bar No. 6323
Law Office of Asad U. Khan
Nationwide Trial Division
300 Summers Street, Suite 1460
Charleston, West Virginia 25301
(304) 346-2272

5

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**FLORENCE M. ROBEY and**
**BRIAN D. ROBEY,**

      **Plaintiffs,**

**v.**                                                    **CIVIL ACTION NO.: 22-C-113**
                                                         **Honorable Susan B. Tucker**

**ALLISON B. HOYT,**

      **Defendant.**

---

### DEFENDANT ALLISON B. HOYT'S ANSWER TO PLAINTIFFS' COMPLAINT

---

**COMES NOW** Defendant Allison B. Hoyt ("Defendant"), by counsel, Brian J. Warner, Blaire A. Marshall, and the law firm of Shuman McCuskey Slicer PLLC, and provides the following Answer to Plaintiffs' Complaint. As permitted by Rule 8(e)(2) of the West Virginia Rules of Civil Procedure, some defenses to the claims made in the Plaintiff's Complaint may be asserted alternatively and, in some cases, hypothetically. Defenses are being asserted regardless of their consistency and are based both on legal and equitable grounds. As the facts of this civil action are fully developed through the discovery process, certain defenses may be abandoned, modified, or amended as permitted by and consistent with the West Virginia Rules of Civil Procedure.

For her Answer to Plaintiffs' Complaint, Defendant states the following upon information and belief:

1.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and, pursuant to Rule 8(b) of the West Virginia Rules of Civil Procedure, those allegations are denied.

**FILED**

JUN – 2 2022

JEAN FRIEND, CLERK

2.     Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.     Defendant denies the allegations contained in Paragraph 3 of Plaintiffs' Complaint and demands strict proof thereof.

4.     Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint and demands strict proof thereof.

5.     As for the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant admits that Plaintiff Florence M. Robey was operating a vehicle on or near the I-79 exit ramp of 153 Northbound near its intersection with University Town Center Drive, in Morgantown, Monongalia County, West Virginia on or about August 1, 2020. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint and demands strict proof thereof.

6.     As for the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendant admits that she was operating a vehicle behind Plaintiff Florence M. Robey's vehicle on or about August 1, 2020 and, made contact with the rear of Plaintiff Florence M. Robey's vehicle because Plaintiff Florence M. Robey unforeseeably stopped her vehicle in front of Defendant. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint and demands strict proof thereof.

7.     Defendant denies the allegations contained in Paragraph 7, including subparagraphs (a) through (f), of Plaintiffs' Complaint and demands strict proof thereof.

8.     Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint and demands strict proof thereof.

9.     Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint and demands strict proof thereof.

10.     Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint and demands strict proof thereof.

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint and demands strict proof thereof.

12.     Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint and demands strict proof thereof.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint and demands strict proof thereof.

14.     Defendant denies that Plaintiffs are entitled to the relief requested in the "Wherefore" Paragraph, which follows Paragraph 13 of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

Defendant, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint and pursuant to Rule 8(e)(2) of the West Virginia Rules of Civil Procedure asserts the following Affirmative Defenses as may be applicable and further reserves the right to withdraw, modify, supplement and/or amend the Affirmative Defenses pending further discovery herein.

1.     Plaintiffs' Complaint fails to state a claim, in whole or in part, against the Defendant upon which relief can be granted.

2.     Defendant denies that she owed a duty to Plaintiffs.

3.     Defendant denies that she breached any duty owed to Plaintiffs.

4.     Defendant denies that she proximately caused injuries or damages to Plaintiffs.

5.      The injuries and/or damages being claimed in this lawsuit were the proximate result of natural disease processes, preexisting conditions, accidental injuries, and/or illness and not the negligence of Defendant.

6.      If, as Plaintiffs allege, the injuries and/or damages being claimed in this lawsuit were a proximate result of negligence, such negligence was that of persons, firms, or corporations over whom Defendant had no control and for whom Defendant is not responsible.

7.      Defendant denies that Plaintiffs are entitled to recover any damages whatsoever against her.

8.      Defendant asserts her right to have any and all fault that proximately caused or contributed to the alleged injuries and/or damages complained of herein, if any, apportioned among those responsible for the same.

9.      Defendant reserves any and all affirmative defenses and the right to plead such affirmative defenses including, but not limited to, West Virginia Code §§ 55-7-13a, 55-7-13b, 55-7-13c, and 55-7-13d.

10.      Defendant pleads and asserts any and all immunities that may be found applicable to her, including, but not limited to, those found in the West Virginia Constitution and/or the West Virginia Code.

11.      Not being fully advised as to all the facts and circumstances surrounding the allegations contained in Plaintiffs' Complaint, Defendant hereby invokes and asserts all other affirmative defenses, which may prove applicable herein, including but not necessarily limited to, those defenses specifically set forth in Rule 8(c) of the West Virginia Rules of Civil Procedure.

12.      Not being fully advised as to all the facts and circumstances surrounding the allegations contained in Plaintiffs' Complaint, Defendant hereby invokes and asserts all other

affirmative defenses, which may prove applicable herein, including but not necessarily limited to, those defenses specifically set forth in Rule 12 of the West Virginia Rules of Civil Procedure.

13.     Plaintiffs may have failed to join indispensable parties.

14.     Plaintiffs' claims may be barred by the applicable statute(s) of limitations.

## JURY DEMAND

Defendant Allison B. Hoyt requests a trial by jury composed of the maximum number of jurors allowable by law.

**WHEREFORE,** having fully answered Plaintiffs' Complaint, Defendant Allison B. Hoyt requests that Plaintiffs' Complaint against her be dismissed, with prejudice, at Plaintiffs' cost in addition to whatever other relief this Court deems appropriate to render.

**ALLISON B. HOYT,**

By Counsel,

Brian J. Warner, Esq. (WVSB#9372)
Blaire A. Marshall, Esq. (WVSB#13991)
***Shuman McCuskey Slicer PLLC***
300 Wedgewood Drive, Suite 110
Morgantown, WV 26505
304-291-2702 / 304-291-2840
bwarner@shumanlaw.com
bmarshall@shumanlaw.com

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

FLORENCE M. ROBEY and
BRIAN D. ROBEY,

      Plaintiffs,

v.                                    **CIVIL ACTION NO.: 22-C-113**
                                          **Honorable Susan B. Tucker**

ALLISON B. HOYT,

      Defendant.

## Certificate of Service

    I hereby certify that on the 31st day of May 2022, I served the foregoing ***Defendant Allison***

***B. Hoyt's Answer to Plaintiffs' Complaint*** upon the parties hereto by depositing a true and

accurate copy thereof in the United States mail, postage prepaid, addressed to the following

counsel of record:

John R. Angotti, Esq.
David J. Straface, Esq.
Chad C. Groome, Esq.
Angotti & Straface, L.C.
274 Spruce Street
Morgantown, WV 26505
*Counsel for Plaintiffs*

Brian J. Warner, Esq. (WVSB #9372)
Blaire A. Marshall, Esq. (WVSB #13991)
***Shuman McCuskey Slicer PLLC***

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**FLORENCE M. ROBEY and**
**BRIAN D. ROBEY,**

      **Plaintiffs,**

**v.**
                                             **Civil Action No. 22-C-113**
                                             **The Honorable Susan B. Tucker**

**ALLISON B. HOYT,**

      **Defendant.**

### <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

Please take notice that on June 9, 2022, Defendant Allision B. Hoyt filed her *Notice of Removal* effecting the removal of this action from the Circuit Court of Monongalia County, West Virginia to the United States District Court for the Northern District of West Virginia. A true and accurate copy of the *Notice of Removal* is attached to this Notice as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), this Court may proceed no further with this action unless and until the case is remanded.

Respectfully submitted this 9th day of June 2022.

                        **ALLISON B. HOYT,**

                        By Counsel,

                        Brian J. Warner, Esq. (WVSB#9372)
                        ***Shuman McCuskey Slicer PLLC***
                        300 Wedgewood Drive, Suite 110
                        Morgantown, WV 26505
                        304-291-2702 / 304-291-2840
                        bwarner@shumanlaw.com

**FILED**

JUN 13 2022

JEAN FRIEND, CLERK

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

FLORENCE M. ROBEY and
BRIAN D. ROBEY,

       Plaintiffs,

v.                                                          Civil Action No. 22-C-113
                                                            The Honorable Susan B. Tucker
ALLISON B. HOYT,

       Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June 2022, I served the foregoing *Notice of Filing of Notice of Removal* upon the parties hereto by depositing a true and accurate copy thereof in the United States mail, postage prepaid, addressed to the following counsel of record:

John R. Angotti, Esq.
David J. Straface, Esq.
Chad C. Groome, Esq.
Angotti & Straface, L.C.
274 Spruce Street
Morgantown, WV 26505
*Counsel for Plaintiffs*


George A. Halkias, Esq.
Law Office of Asad U. Khan
Nationwide Trial Division
300 Summers Street, Suite 1460
Charleston, West Virginia 25301
*Counsel for Nationwide Mutual
Insurance Company*

Brian J. Warner, Esq. (WVSB #9372)
*Shuman McCuskey Slicer PLLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**FLORENCE M. ROBEY and
BRIAN D. ROBEY,**

     **Plaintiffs,**

**v.**                                                **Civil Action No.**

**ALLISON B. HOYT,**

     **Defendant.**

## <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C §§ 1332, 1441 and 1446, Defendant Allison B. Hoyt ("Defendant") hereby removes this civil action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia.  In support of this Notice of Removal, Defendant states that this Court has diversity jurisdiction over this action and pleads as follows:

1.     On or about May 11, 2022, Plaintiffs Florence M. Robey and Brian D. Robey ("Plaintiffs") commenced the above-captioned action against Defendant by filing a complaint in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 22-C-113.  Copies of the summons and complaint that were filed in the office of the Clerk of the Circuit Court of Monongalia County are attached hereto as Exhibit A and the state court docket sheet is attached hereto as Exhibit B.

2.     In their Complaint, Plaintiffs allege that on or about August 1, 2020, Plaintiff Florence M. Robey was operating a motor vehicle on or near exit ramp 153 of Interstate 79 Northbound near its intersection with University Town Center Drive, located in Monongalia County, West Virginia. (Exhibit A at ¶ 5.) Plaintiffs allege that on the same date, Defendant was



operating a vehicle directly behind Mrs. Robey's vehicle at said intersection and struck the rear-end of Mrs. Robey's vehicle. (*Id.* at ¶ 6.)

3.      As a result of the alleged negligent and/or reckless acts asserted in Plaintiffs' Complaint, Plaintiffs allege that Florence M. Robey sustained bodily injuries, requiring medical treatment and for which she continues to require medical treatment. (*Id.* at ¶ 10.)  Plaintiffs allege that as a result of the bodily injuries sustained by Mrs. Robey, they should be compensated for such past and future damages including, but not limited to physical pain and suffering, mental and emotional distress, annoyance, inconvenience, loss of the ability to fully function as a person, loss of enjoyment of life, medical bills, employment loss, and economic loss. (*Id.* at ¶¶ 11-12.) Plaintiffs also seek pre-judgment and post-judgment interest, costs, and for such additional favorable relief as the Court deems just and appropriate. (*Id.* at the "Wherefore" clause immediately following ¶ 13.)

4.      As a result of the alleged negligent and/or reckless acts asserted in Plaintiffs' Complaint, Plaintiffs allege that Brian D. Robey has suffered a loss of society, comfort and consortium of his wife, Mrs. Robey, and allege that they reasonably anticipate Mr. Robey to continue to suffer said loss in the future. (*Id.* at ¶ 13.)

5.      On or about May 31, 2022, Defendant filed her Answer to Plaintiffs' Complaint in the office of the Clerk of the Circuit Court of Monongalia County.  A Copy of Defendant's Answer filed in the office of the Clerk of the Circuit Court of Monongalia County is attached hereto as Exhibit C.

6.      As discussed in more detail below, this case may be removed to federal court by Defendant as this is a civil action for which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and is one that may be removed by Defendant pursuant to

28 U.S.C. §§ 1441 and 1446.  Accordingly, the dispute is between citizens of difference states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## COMPLETE DIVERSITY

7.    This is a civil action in which there is complete diversity of citizenship between Plaintiffs and Defendant.  In their Complaint, Plaintiffs allege that Plaintiffs are residents of West Virginia. (Exhibit A at ¶ 1.) Whereas, upon information and belief, Plaintiffs allege that Defendant is a resident of Maryland. (*Id.* at ¶ 2.)

8.    For purposes of diversity actions, the Supreme Court has consistently held that an individual's citizenship is determined by the person's domicile.  *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998).  A person's domicile is the place in which a person is "living … with intent to make it a fixed and permanent home." *C.I.R. v. Swent*, 155 F.2d. 513, 515 (4th Cir. 1946).

9.    At the time of the commencement of this action and at the time of removal, Defendant was a resident and domiciliary of Maryland with the intent to remain a fixed and permanent resident of Maryland.  Defendant's Answer further admits that she is a citizen of Maryland. (Exhibit C at ¶ 2.)  Thus, Defendant is a citizen of Maryland.

10.    Accordingly, there is diversity between the Plaintiffs and the Defendant and, therefore, there is complete diversity in this civil action as required by 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

1.    Removal is proper if the removing party can establish by a preponderance of the evidence facts to demonstrate that the amount in controversy exceeds $75,000.00.  *See Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 731 (N.D. W. Va. 2005).

2.      "[T]he amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Asbury-Castro*, 352 F. Supp. 2d at 733 (quotation omitted). The Court may consider "the relief the plaintiff is requesting in the complaint at the time of trial, in addition to pre and post-judgment interest as required by law, . . . however not claims for interest and costs." *See Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 583 (S.D. W. Va. 1999).

11.      Although the Complaint does not state a sum certain, Defendant has a good-faith basis to believe that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. In their Complaint, Plaintiffs allege that as a result of the bodily injuries sustained by Mrs. Robey, they should be compensated for such past and future damages including, but not limited to physical pain and suffering, mental and emotional distress, annoyance, inconvenience, loss of the ability to fully function as a person, loss of enjoyment of life, medical bills, employment loss, and economic loss. (*Id.* at ¶¶ 11-12.) Plaintiffs also seek pre-judgment and post-judgment interest, costs, and for such additional favorable relief as the Court deems just and appropriate. (*Id.* at the "Wherefore" clause immediately following ¶ 13.) Additionally, as a result of the alleged negligent and/or reckless acts asserted in Plaintiffs' Complaint, Plaintiffs allege that Brian D. Robey has suffered a loss of society, comfort and consortium of his wife, Mrs. Robey and allege that they reasonably anticipate Mr. Robey to continue to suffer said loss in the future. (*Id.* at ¶ 13.) Furthermore, in advance of filing their Complaint and commencing the above-captioned action against the Defendant, Plaintiffs made a settlement demand that exceeded the jurisdictional limit of $75,000.00.

12.      West Virginia law does not require a specific dollar amount in the complaint and Plaintiffs' recovery is not limited because of the absence of an express amount in controversy.

*See, e.g., State ex rel. Strickland v. Daniel*, 173 W.Va. 576, 318 S.E.2d 627, 631 (1984) ("the value of a lawsuit is not determined definitively by the *ad damnum* clause"). Based on the nature of Plaintiffs' claims and their requests for relief, it is more likely than not that the amount in controversy exceeds the jurisdictional amount set forth in 28 U.S.C. § 1332(a).

13. "[A]bsent a binding stipulation signed by [the plaintiff] that he will neither seek nor accept damages in excess of $75,000.00, the Court must independently assess whether the Defendants have proven by a preponderance of the evidence" that the Complaint seeks more than $75,000.00. *Virden v. Altria Group, Inc.*, 304 F.Supp.2d 832, 847 (N.D. W. Va. 2004).

14. When evaluating whether such claims meet the amount in controversy for removal purposes the Court may look to the entire record and make an independent evaluation to assess whether the action meets the $75,000.00 requirement. *Mullins v. Harry's Mobile Homes, Inc.* 861 F.Supp. 22, 23 (S.D. W. Va. 1994).

15. Looking at the entire record in this civil action, Plaintiffs allege that they are entitled to compensatory damages in excess of the jurisdictional threshold of the Court in an amount sufficient to make them whole for their injuries and/or damages, pre-judgment interest, post-judgment interests, costs where allowable by law and for such additional favorable relief as the Court deems just and appropriate. (Exhibit A at the "Wherefore" clause immediately following ¶ 13.)

16. Taking into account the fact that Plaintiffs seek relief for medical bills, lost wages, and non-economic damages – all of which are both past and future – Defendant believes that "competent proof" exists that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, exceeding the jurisdictional limit under 28 U.S.C. §   *See, Asbury-Casto*, 352

F.Supp.2d at 731. (quoting *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997)).

17.     Accordingly, federal diversity jurisdiction is established based on diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

18.     Pursuant to 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

19.     This notice is timely under 28 U.S.C. § 1446(b)(1) because it is filed within thirty days after receipt by Defendant, through service or otherwise, of the Complaint in this action.

## VENUE

20.     Venue for this civil action is proper pursuant to 28 U.S.C. §§ 129(a) and 1441(a) because the Northern District of West Virginia is the United States District Court embracing Monongalia County, where the state court action was pending in the Circuit Court of Monongalia County, West Virginia.

## OTHER MATTERS

21.     The Clerk of the Circuit Court of Monongalia County, West Virginia will be requested to submit a certified copy of the entire state court record to this Court for filing, in accordance with 28 U.S.C. § 1446(a).  The docket sheet for Civil Action No. 22-C-113 in the Circuit Court of Monongalia County, West Virginia is included in Exhibit B attached hereto.

22.     Pursuant to 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court of Monongalia County, West Virginia.

23.     Defendant is serving Plaintiffs with written notice of the removal of this action.

24.     This case if being removed subject to and without waiver of any challenges that Defendant may have as to any claims or defenses that may be available to her.

**WHEREFORE,** Defendant Allison B. Hoyt hereby removes this action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 9th day of June 2022.

**ALLISON B. HOYT,**

By Counsel,

/s/ Brian J. Warner
Brian J. Warner, Esq. (WVSB#9372)
***Shuman McCuskey Slicer PLLC***
300 Wedgewood Drive, Suite 110
Morgantown, WV 26505
304-291-2702 / 304-291-2840
bwarner@shumanlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FLORENCE M. ROBEY and**
**BRIAN D. ROBEY,**

      **Plaintiffs,**

**v.**                                  **Civil Action No.**

**ALLISON B. HOYT,**

      **Defendant.**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of June 2022, I served the foregoing ***Notice of Removal***

upon the parties hereto by depositing a true and accurate copy thereof in the United States mail,

postage prepaid, addressed to the following counsel of record:

John R. Angotti, Esq.
David J. Straface, Esq.
Chad C. Groome, Esq.
Angotti & Straface, L.C.
274 Spruce Street
Morgantown, WV 26505
*Counsel for Plaintiffs*

George A. Halkias, Esq.
Law Office of Asad U. Khan
Nationwide Trial Division
300 Summers Street, Suite 1460
Charleston, West Virginia 25301
*Counsel for Nationwide Mutual*
*Insurance Company*

                                       /s/ Brian J. Warner
                                       Brian J. Warner, Esq. (WVSB #9372)
                                       ***Shuman McCuskey Slicer PLLC***

Page **8** of **8**

JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Robey, Florence M. and Robey, Brian D.

**DEFENDANTS**

Hoyt, Allison B.

**(b)** County of Residence of First Listed Plaintiff    Monongalia County, WV
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery County, MD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John R. Angotti, David J. Straface, & Chad C. Groome
Angotti & Straface, L.C. 274 Spruce St. Morgantown, WV 26505
304-292-4381

Attorneys *(If Known)*

Brian J. Warner

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 365 Personal Injury - | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ | **INTELLECTUAL** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Pharmaceutical | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Personal Injury | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | ☐ 368 Asbestos Personal | ☐ 835 Patent - Abbreviated | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Injury Product | New Drug Application | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | Liability | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 370 Other Fraud | Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 371 Truth in Lending | | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 380 Other Personal | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | Property Damage | ☐ 710 Fair Labor Standards | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | ☐ 385 Property Damage | Act | Exchange |
| | Medical Malpractice | Product Liability | ☐ 720 Labor/Management | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Relations | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 751 Family and Medical | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | Leave Act | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | ☐ 790 Other Labor Litigation | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | ☐ 791 Employee Retirement | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | Income Security Act | Act/Review or Appeal of |
| | Employment | **Other:** | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration | |
| | | ☐ 560 Civil Detainee - | Actions | |
| | | Conditions of | | |
| | | Confinement | | |

*(columns also including SOCIAL SECURITY and FEDERAL TAX SUITS)*

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §§ 1332, 1441 and 1446
Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    06/09/2022

SIGNATURE OF ATTORNEY OF RECORD
*Brian J. Warner*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# S U M M O N S

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**FLORENCE M. ROBEY, and**
**BRIAN D. ROBEY**

|  |  |  |
|---|---|---|
| | **Plaintiff(s),** | **Civil Action: 22-C-113** |

**VS**

**ALLISON B. HOYT**
**8109 Kentbury Drive**
**Bethesda, MD 44747**

**Defendant(s).**

### TO THE ABOVE NAMED DEFENDANT(S):

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **John R. Angotti, David J. Straface, Chad C. Groome,** Plaintiff's attorneys, whose address is **274 Spruce St., Morgantown, WV 26505** any answer, you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within **20 days** after service of this summons upon you, exclusive of the date of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have.

Date: _May 11, 2022_

_____
**Jean Friend Clerk of the Circuit Court**

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

FLORENCE M. ROBEY and
BRIAN D. ROBEY,

        PLAINTIFFS,

VS.                          CIVIL ACTION NO. 22 . C - 113

ALLISON B. HOYT,          **INTERROGATORIES AND REQUESTS**
                                 **FOR PRODUCTION SERVED WITH**
        DEFENDANT.        **SUMMONS AND COMPLAINT**

## COMPLAINT

    NOW COME, the plaintiffs, Florence M. Robey and Brian D. Robey, by and through their counsel, John R. Angotti, David J. Straface, Chad C. Groome and Angotti & Straface, L.C., and for their Complaint against the defendant, Allison B. Hoyt, hereby allege as follows:

1. The plaintiffs, Florence M. Robey and Brian D. Robey, are married residents of 521 Michigan Avenue, Westover, Monongalia County, West Virginia 26501.

2. Upon information and belief, the defendant, Allison B. Hoyt, is a resident of 8109 Kentbury Drive, Bethesda, MD 44747.

3. The Circuit Court of Monongalia County has subject matter jurisdiction over the claims set forth in the instant Complaint and may properly exercise personal jurisdiction over the defendant.

4. The Circuit Court of Monongalia County is a proper venue of the instant civil action.

5. On or about August 1, 2020, the plaintiff, Florence M. Robey, was lawfully operating 2019 Kia Rio on or near the I-79 exit ramp of 153 Northbound near its intersection with University Town Center Drive, in Morgantown, Monongalia County, West Virginia.

1

6. On that same date, the defendant, Allison B. Hoyt, was operating a 2011 Honda Accord behind the plaintiff, Florence M. Robey, and did strike the rear end of the 2019 Kia Rio being operated by plaintiff.

7. The acts and/or omissions of the defendant, Allison B. Hoyt, did amount to negligence and/or recklessness against the plaintiff, Florence M. Robey, in one or more of the following particulars:

    a. Failure to maintain a safe following distance;

    b. Following too closely;

    c. Failure to keep a proper lookout;

    d. Failure to maintain control of a motor vehicle;

    e. Inattentive and/or distracted driving; and/or

    f. Failure to exercise due care generally.

8. The acts and/or omission of the defendant, Allison B. Hoyt, did violate one or more provision of the West Virginia Code, Chapter 17C, with regard to the safe and proper operation of a motor vehicle including, but certainly not limited to **W.Va. Code § 17C-6-1(a)** and **W.Va. Code § 17C-7-10(a)**, as well as equivalent provisions of the **Morgantown City Code**.

9. The plaintiff, Florence M. Robey, did not cause or contribute to the subject motor vehicle collision and is not comparatively negligent for the same.

10. The acts and/or omissions of the defendant, Allison B. Hoyt, did proximately cause the plaintiff, Florence M. Robey, bodily injuries, requiring medical treatment and for which she continues to require medical treatment.

11. The acts and/or omissions of the defendant, Allison B. Hoyt, did proximately cause the plaintiff, Florence M. Robey, damages for which she should be compensated, including, but not limited to, physical pain and suffering, mental and emotional distress, annoyance, inconvenience, loss of the ability to fully function as a person, loss of enjoyment of life, medical bills, employment loss, economic loss, attorney's fees, interest, costs, and other general and/or special damages for which he should be compensated.

12. The acts and/or omissions of the defendant, Allison B. Hoyt, did proximately cause the plaintiff, Florence M. Robey, damages which are believed to be permanent and/or reasonably certain to cause her future damages for which she should be compensated, including, but not limited to, physical pain and suffering, mental and emotional distress, annoyance, inconvenience, loss of the ability to fully function as a person, loss of enjoyment of life, medical bills, employment loss and/or loss of future earning capacity, economic loss, attorney's fees, interest, costs, and other general and/or special damages for which he should be compensated.

13. The acts and/or omissions of the defendant, Allison B. Hoyt, did proximately cause the plaintiff, Brian D. Robey, to suffer the society, comfort and consortium of his wife, Florence M. Robey, and reasonably anticipates to continue to suffer said loss in the future, for which he should be compensated.

**WHEREFORE**, the plaintiffs, Florence M. Robey and Brian D. Robey, by and through their undersigned counsel, hereby respectfully demand judgment against the defendant, Allison B. Hoyt, for compensatory damages in excess of the jurisdictional threshold of the Court in an amount sufficient to make them whole for their injuries and/or

damages, for attorney's fees and costs where allowable by law, for pre- and/or post-judgment interest where allowable by law, and for such additional favorable relief as the Court deems just and appropriate.

## A JURY TRIAL IS DEMANDED ON ALL ISSUES.

Respectfully Submitted,
FLORENCE M. ROBEY and BRIAN D.
ROBEY, Plaintiffs,

BY:

John R. Angotti, Esquire (W.Va. Id #5068)
David J. Straface, Esquire (W.Va. Id # 3664)
Chad C. Groome, Esquire (W.Va. Id #9810)
Angotti & Straface, L.C.
274 Spruce Street
Morgantown, WV 26505
(304) 292-4381 – P
(304) 292-7555 - F
*Of Counsel for Plaintiffs*

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

FLORENCE M. ROBEY and
BRIAN D. ROBEY,

      PLAINTIFFS,

VS.                 CIVIL ACTION NO. _22-C-113_

ALLISON B. HOYT,          **INTERROGATORIES AND REQUESTS**
                             **FOR PRODUCTION SERVED WITH**
      **DEFENDANT.**           **SUMMONS AND COMPLAINT**

### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, ALLISON B. HOYT

Pursuant to the provision of Rules 33 and 34 of the West Virginia Rules of Civil Procedure, plaintiffs, Florence M. Robey and Brian D. Robey, by counsel, hereby request the defendant, Allison B. Hoyt, answer and respond separately, in writing and under oath, to the following interrogatories and requests for production and to produce the following documents and things or copies thereof. Service of the defendant's answers and a true copy of each and every document or object requested may be made upon the undersigned by depositing an answer and a true copy of each and every document or object requested in the U.S. Mail, postage prepaid, to Angotti & Straface, L.C. 274 Spruce Street, Morgantown, W.Va. 26505, or by delivering the same as such other place as may be agreed upon by the parties, within thirty (30) days of service of the same upon you.

### INSTRUCTIONS

1.     The below interrogatories are deemed to be continuing so as to require the filing of supplemental answers promptly in the event that any of the defendants or any defendant's representatives, including counsel, learn additional facts not set forth in the answers or discover that information given in response to any of the interrogatories is

incorrect.  Such supplemental answers may be filed from time to time, but in no event later than thirty (30) days after such further information is received.

2.      Each interrogatory is to be answered separately and as completely as possible. The omission of any name, fact or other representation that such name, fact or item was not known to the defendant, counsel or other representatives at the time of the service of the answers will be deemed controlling.

3.      Each document or thing produced in response to any of the specifications herein is to be marked to indicate the specific number in response to which it is being submitted.

4.      If a document or thing is withheld under any claim of privilege, identify and describe each such document or thing specifically and state with respect to each such document the subject matter and basis for any claim of the privilege in accordance with controlling West Virginia law.

5.      This request is to be continuing in nature such that all requested documents and things obtained, prepared or otherwise generated in the future through the completion of these proceedings are requested to be produced.

## *DEFINITIONS*

The following definitions shall apply throughout these interrogatories and requests.

1.      The words "defendant," "you," and "your" includes your parent and sister corporations and entities, employees, agents and representatives, including your in-house counsel.

2.      The word "describe" and "state" shall mean:

a.      describe or state fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law;

b.      particularize as to

(i)      time

(ii)     place

         (iii)     manner

3.     The word "identify" as used in connection with a person or persons means to state the name, title, and present address and telephone number of such person or persons.

4.     The word "identify" as applied to any document means to state the following:

     a.     its date;

     b.     the identity of its author;

     c.     the identity of its sender;

     d.     the identity of the person to whom it was addressed;

     e.     the identity of the recipient;

     f.     the format;

     g.     the title;

     h.     the number of pages; and

     i.     the identity of the persons known or believed to have possession, custody or access to the documents.

5.     The word "document" shall mean any written, electronic, printed, typed or other graphic matter of any kind or nature, including but not limited to agreements, notes, memorandum, agenda, calendar entries, correspondence and financial records, and all mechanical and electronic sound recordings or transcripts thereof in the possession and/or control of the defendant or agents of the defendant or known by the defendant to exist.

6.     Where appropriate, the singular means the plural and the plural means the singular.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    Please identify your name, prior names or aliases, residential addresses for the past ten (10) years (along with persons you reside with), date of birth, marital status, spouse's identity, and present employer.

**ANSWER:**

**INTERROGATORY NO. 2:**    Please identify complete employment history.

**ANSWER:**

**INTERROGATORY NO. 3:**    Please identify each and every person and entity known and/or believed by you to possess discoverable information and provide a summary of the information you know or believe each individual and entity to possess.  Identify any and all documents and items supporting your response.

**ANSWER:**

**INTERROGATORY NO. 4:**  If you have ever been charged and/or convicted of any crime, including traffic violations, please state:

    (a)    The nature. jurisdiction, location and case number of the offense and/or charge;

    (b)    A summary of the charges and allegations against you;

    (c)    The result of the case or charge;

    (d)    The date on which you were convicted or acquitted;

    (e)    The sentence given and/or terms placed upon you.

**ANSWER:**

**INTERROGATORY NO. 5:**        Please identify all states which have issued a standard and/or commercial driver's license to you, the date each was issued and the current status thereof.

**ANSWER:**

**INTERROGATORY NO. 6:**        State whether or not your license has ever been suspended or revoked and if so, please state:

     (a)    The state, date and reason for suspension or revocation;

     (b)    The date and nature of the citation issued if any;

     (c)    The date on which your license was re-instated.

**ANSWER:**

**INTERROGATORY NO. 7:**        Please state each time you have been made a party to a lawsuit, whether you were plaintiff or defendant, date of filing of said lawsuit, the place the lawsuit was filed, and the general substance of the lawsuit.

**ANSWER:**

**INTERROGATORY NO. 8:**        If you have ever been involved in any type of vehicular accident either prior to or subsequent to the collision that is the subject of the plaintiffs' Complaint, please state the date and location of each accident, the circumstances involving each accident, whether you were at fault for the same, and the names and addresses of all persons involved in each accident.

**ANSWER:**

**INTERROGATORY NO. 9:**        Describe in complete detail how you contend the August 1, 2020 collision with plaintiff, Florence M. Robey, occurred, which is the subjection of this civil action.  Identify any and all documents and items supporting your response.

**ANSWER:**


**INTERROGATORY NO. 10:**        Have you ever entered or been committed to any institution, either public or private, for treatment or observation of any mental condition, alcoholism, narcotic or drug addiction, or disorders of any kind?  If so, please state the name and address of each such institution, the approximate dates of treatment, the purpose or reason for your entry into such institution, and the name and address of the doctor who treated you for your condition.

**ANSWER:**


**INTERROGATORY NO. 11:**        State the type, amount, and time of any alcohol, narcotics, or drugs of any kind (prescription or otherwise) consumed by you within twenty-four (24) hours prior to the collision, which is the subject of this Complaint.  For each, please indicate the time, manner, and place of ingestion of each.

**ANSWER:**


**INTERROGATORY NO. 12:**        Prior to the collision that is the subject of this lawsuit, list every place you had been or visited for the twenty-four (24) hour time period prior to the collision.  Please further state your intended destination at the time of the collision and where you were traveling from.

**ANSWER:**

**INTERROGATORY NO. 13:**        State whether or not there were any defects in the road surface or obstruction upon the road surface, which contributed to the happening of the collision in question.

**ANSWER:**

**INTERROGATORY NO. 14:**        Please indicate whether you were using a cell phone at the time of the collision.  Please further indicated the identity of your cell phone provider(s) on the date of the collision and specify each cell number associated with any cell phone account held by you.

**ANSWER:**

**INTERROGATORY NO. 15:**   Have you or anyone acting on your behalf obtained a statement from any person, and in any form, relating to the events in any way associated to the accident herein. If so, please state the name, address, and telephone number of each person from whom each statement was taken, and the name, address, and telephone number of each person having possession, custody, or control of the original, or any copies of each written statement. Please produce same.

**ANSWER:**

**INTERROGATORY NO. 16:**        Please identify each and every communication between you and the plaintiffs and specify the details and dates of each communication.

**ANSWER:**

**INTERROGATORY NO. 17:**        Please identify each and every witness you intend to call at the trial of this matter.

**ANSWER:**

**INTERROGATORY NO. 18:**      Please identify each and every exhibit, real and demonstrative, you intend to introduce at the trial of this matter and/or utilize for demonstrative purposes.

**ANSWER:**


**INTERROGATORY NO. 19:**      Please indicate whether you or any of your passengers were injured in the subject collision and/or whether you obtained or were subjected to medical treatment or an examination following the subject collision.  Please identify any and all documents and items which support your response.

**ANSWER:**


**INTERROGATORY NO. 20:**      Please identify each and every relative or close friend of yours who resides in Monongalia County, West Virginia.

**ANSWER:**


**INTERROGATORY NO. 21:**      Please indicate your full educational history starting with high school.  For each, indicate your years of attendance, the location of each school, and the type of degrees or certifications that were conferred upon you by each.

**ANSWER:**


**INTERROGATORY NO. 22:** Please identify every person or entity you alleged should be a party to this lawsuit and the factual and legal basis for your contentions in this regard. Identify any and all documents and items evincing your response.

**ANSWER:**

**INTERROGATORY NO. 23:** Please state the name, address and telephone number of all persons you intend to call as expert witnesses in this action, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds and basis of each opinion.

**ANSWER:**

**INTERROGATORY NO. 24:** Please identify all writings, documents or other tangible things known to you or your attorney, which may, in any way, support or tend to support your belief as to how this accident happened.

**ANSWER:**

**INTERROGATORY NO. 25:** Please identify all insurance agreements under which any insurer may be liable to satisfy all or part of a judgment which may be entered in the action, or to indemnify or reimburse for payments made to satisfy the judgment. Identify any and all documents and items evincing your response.

**ANSWER:**

**INTERROGATORY NO. 26:** Do you or your attorney or anyone acting on your behalf, have or know of any photographs of the parties' vehicles or accident scene, maps, drawings, diagrams, measurements, survey, other descriptions, covering the accident as alleged in the complaint made either before or after the accident herein. If so, please state the nature of each item, what each item purports to show, illustrate or represent; date

each item was made or taken; name and last known address of the person making or taken of each item; and the name and address of the person having the present custody of each item. Also, please produce copies of same pursuant to Request for Production No. 1. Color photographs may be provided to counsel for plaintiff in color printed form or on a CD in JPG format.

**ANSWER:**


**INTERROGATORY NO. 27:**    Were you acting in the course of your employment at the time of the subject collisions or performing an act for another person or entity?  If so, please identify said persons or entities, the acts you were performing, and the nature of your relationship.  Please further identify your place or departure and intended destination at the time of the collision.

**ANSWER:**


**INTERROGATORY NO. 28:**    Please  identify  each  and  every  communication regarding the subject collision between you and (a) the investigating officer(s); (b) the fire department; (c) any EMT or emergency medical worker; and (d) any witnesses, passengers, and/or third parties at the scene.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Any and all statements of any persons relating to the incident, which is the subject of this lawsuit, including a copy of the subject accident report.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Any and all photographs depicting the damage to the vehicles involved in the collision which is the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Any and all photographs depicting the defendant's vehicle prior to the collision which is the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Any and all photographs depicting the plaintiff's or defendant's vehicle following repairs to said vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Any and all photographs and video depicting the scene of the collision which is the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  Any and all photographs, video, maps, plats, charts, diagrams or other exhibits you intend to introduce at the trial of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  Any and all correspondence (written or electronic), reports, memorandums or records within the possession, custody or control of the defendant which relate to the collision which is the subject of this lawsuit or allegations in the plaintiffs' Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  Any and all documents or other tangible items, including, but not limited to, maps, plats, diagrams, motion pictures or drawings which the defendant has in his possession regarding the collision which is the subject of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  Please produce copies of any and all driver's licenses (both sides) that have been issued to you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  Please produce any and all documentation regarding the suspension or revocation of any license held by you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**  Please produce any and all documentation that reflects any prior lawsuits or insurance claims by or against you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**  Please produce any and all documentation and accident reports relating to prior or subsequent motor vehicle collisions in which you were involved.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**  Please produce a complete copy of your cell phone bill and/or cell phone records which regard and/or demonstrate you cell phone usage on the date of the subject collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**   Please produce a complete copy of any and all insurance policies, including declarations page, which may provide you with coverage for the allegations set forth in the plaintiffs' Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Please produce a copy of any and all documents or items referenced in or relied upon by you in responding to any of the foregoing interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Please produce and provide a copy of the estimate, bill, invoice, or other document for the damages sustained to the defendant's vehicle involved in this accident, including any supplemental or additional bill, invoice or document.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All photographs, memoranda, reports or written statements available to or in defendant's or defendant's attorney's possession in any way relating to the accident scene or injuries described in the Complaint or of the vehicles involved in the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Please attach all written reports or opinions provided to defendant or defendant's attorney from any expert whom you may call as a witness at the trial of this civil action along with the experts' CVs, fee schedules, and a list of all cases in which the expert has provided deposition or trial testimony.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** Please attach the cellular telephone bills, records, or other documents for the cellular telephone number that you were using on the date of the accident for the period of time 12:01 a.m. until 11:59 p.m.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Please provide any and all surveillance videos, photographs, or digital recordings taken of the defendant by the defendant's servants, agents, employees, representatives, or private investigator from the date of the accident through the date of the trial herein.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Please produce any and all documents regarding any and all criminal charges against you, including traffic citations, and the results of the same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Please produce any and all documents and/or items you rely upon in support of your defense.

**RESPONSE:**

Respectfully Submitted,
FLORENCE M. ROBEY and BRIAN D.
ROBEY, Plaintiffs,

BY:

John R. Angotti, Esquire (W.Va. Id #5068)
David J. Straface, Esquire (W.Va. Id # 3664)
Chad C. Groome, Esquire (W.Va. Id #9810)
Angotti & Straface, L.C.
274 Spruce Street
Morgantown, WV 26505
(304) 292-4381 – P
(304) 292-7555 - F
*Of Counsel for Plaintiffs*

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**FLORENCE M. ROBEY and
BRIAN D. ROBEY,**

     **PLAINTIFFS,**

**VS.**                **CIVIL ACTION NO.** _____

**ALLISON B. HOYT,**

     **DEFENDANT.**      **INTERROGATORIES AND REQUESTS
FOR PRODUCTION SERVED WITH
SUMMONS AND COMPLAINT**

### CERTIFICATE OF SERVICE

    Undersigned counsel hereby certifies that a true and accurate copy of the foregoing **PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, ALLISON B. HOYT** was served upon the defendant, Allison B. Hoyt, contemporaneously with a copy of the Summons and Complaint at the following address by Certified Mailing by the Monongalia County Circuit Clerk:

Allison B. Hoyt
8109 Kentbury Drive
Bethesda, MD 44747

_Of Counsel for Plaintiffs_

Current Date

06/09/2022

Log Out

Print

○ Return

Year:              2022      ∨

By:                Case#               ∨          Start
                                                 Value:                            as 99-X-
                                                 Where 99 = Year X = Case Type XXXXX =
                                                 leading zeros)

[ Load ]

1

| Select | Case # | Name In Search | Search Result | Plaintiff Name | Defendant Name | Receipt # |
|--------|--------|----------------|---------------|----------------|----------------|-----------|
| Select | 22-C-113 | N | FLORENCE M. ROBEY - P | FLORENCE M. ROBEY | ALLISON B. HOYT | 179766 |
| Select | 22-C-114 | N | MONONGALIA-PRESTON FRATERNAL ORDER OF POLICE LODGE #87 - P | MONONGALIA-PRESTON FRATERNAL ORDER OF POLICE LODGE #87 | CITY OF MORGANTOWN | 179769 |
| Select | 22-C-115 | N | SEAN W. COOK - P | SEAN W. COOK | CITY OF MORGANTOWN WV | 179790 |
| Select | 22-C-116 | N | AMBICA M. KIMBLE - P | AMBICA M. KIMBLE | FCA US LLC | 179795 |
| Select | 22-C-117 | N | DONALD L. TAYLOR - P | DONALD L. TAYLOR | BRIAN K. LANHAM | 0 |
| Select | 22-C-118 | N | DONALD L. TAYLOR - P | DONALD L. TAYLOR | BRIAN K. LANHAM | 0 |
| Select | 22-C-119 | N | JULIA HAINES - P | JULIA HAINES | KROGER LTD PARTNERSHIP | 179806 |
| Select | 22-C-120 | N | JACLYN FITCHETT - P | JACLYN FITCHETT | ENCOMPASS HOME AND AUTO INSURANCE COMPANY | 179809 |
| Select | 22-C-121 | N | SARAH WEBBER - P | SARAH WEBBER | J D. SALLAZ | 179811 |
| Select | 22-C-122 | N | PNC-EQUIPMENT FINANCE LLC - P | PNC-EQUIPMENT FINANCE LLC | BARRY C. NICHOLSON | 179812 |
| Select | 22-C-123 | N | TWIN KNOBS APARTMENTS - P | TWIN KNOBS APARTMENTS | ANNA HOWARD | 179847 |
| Select | 22-C-124 | N | BRADLEY A. REED - P | BRADLEY A. REED | P T. PHILLIPS | 179851 |
| Select | 22-C-125 | N | UHG I LLC - P | UHG I LLC | DEBRA K. HILL | 179867 |
| Select | 22-C-126 | N | A/C PROPERTIES LLC - P | A/C PROPERTIES LLC | SCOTT CRENNER | 179876 |
| Select | 22-C-127 | N | AYESHA J. BOATWRIGHT - P | AYESHA J. BOATWRIGHT | SPECTRUM OPTICAL PLLC | 179877 |
| Select | 22-C-128 | N | TAYLOR PARRISH - P | TAYLOR PARRISH | TRIANGLE PROPERTIES LLC | 179878 |
| Select | 22-C-129 | N | RYNE BONNELL - P | RYNE BONNELL | AMTOWER AUTO SUPPLY INC | 179899 |
| Select | 22-C-130 | N | STONEMILE GROUP, LLC - P | STONEMILE GROUP, LLC | WESTRIDGE COMMONS DEVELOPMENT, | 179903 |
| Select | 22-C-131 | N | A Z - P | A Z | WV DEPARTMENT OF HEALTH AND HUMAN RESOURCES | 179918 |
| Select | 22-C-132 | N | FRANK HUY - P | FRANK HUY | CITY OF WESTOVER | 179924 |
| Select | 22-C-133 | N | SAND SPRINGS WORLD OF CAMPING LLC - P | SAND SPRINGS WORLD OF CAMPING LLC | ROBERT CHRISTOPHER JR | 179941 |
| Select | 22-C-134 | N | DISCOVER BANK - P | DISCOVER BANK | MEREDITH L. MCCARDLE | 179942 |
| Select | 22-C-135 | N | DISCOVER BANK - P | DISCOVER BANK | NIKKI RICHARDS | 179943 |
| Select | 22-C-136 | N | DISCOVER BANK - P | DISCOVER BANK | BRADLEY J. LOFFERT | 179944 |
| Select | 22-C-137 | N | DISCOVER BANK - P | DISCOVER BANK | DEBRA E. HIXENBAUGH | 179945 |
| Select | 22-C-138 | N | DISCOVER BANK - P | DISCOVER BANK | CALEB SMITH | 179946 |
| Select | 22-C-139 | N | DISCOVER BANK - P | DISCOVER BANK | DERAL J. PHILLIPS | 179947 |
| Select | 22-C-140 | N | DISCOVER BANK - P | DISCOVER BANK | MONICA L. SIMMS | 179948 |
| Select | 22-C-141 | N | DISCOVER BANK - P | DISCOVER BANK | MATTHEW SWITZER | 179949 |
| Select | 22-C-142 | N | RACHAEL BRADY - P | RACHAEL BRADY | CANYON CREEK FALLS LLC | 179973 |
| Select | 22-C-143 | N | DONNA R. HUEY - P | DONNA R. HUEY | DEREK M. LONG | 180005 |
| Select | 22-C-144 | N | CLEVELAND BROTHERS EQUIPMENT CO INC - P | CLEVELAND BROTHERS EQUIPMENT CO INC | KEY CONTRACTING LLC | 180010 |
| Select | 22-C-145 | N | GARY C. SHAW - P | GARY C. SHAW | MONONGAHELA POWER COMPANY | 180035 |
| Select | 22-C-146 | N | THOMAS J. KOPP - P | THOMAS J. KOPP | JOSEPH BERRY | 180043 |

1

## IN THE CIRCUIT COURT OF ____MONONGALIA____ COUNTY, WEST VIRGINIA

### CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

| | |
|---|---|
| **Plaintiff(s)** | Case No. 22-C-113 |
| Florence M. Robey and Brian D. Robey | Judge: Susan B. Tucker |
| | |
| | Plaintiff's Phone: |
| **vs.** | |
| **Defendant(s)** | Days to Answer   Type of Service |
| Allison B. Hoyt | |
| Name | |
| | Defendant's Phone: |
| Street Address | |
| City, State, Zip Code | |

**II. TYPE OF CASE:**

- [x] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [x] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year):  05 / 2023

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [x] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: Blaire A. Marshall

Firm: Shuman McCuskey Slicer PLLC

Address: 300 Wedgewood Drive, Suite 110 Morgantown, WV 26505

Telephone: 304-291-2702

[ ] Proceeding Without an Attorney

Representing:
- [ ] Plaintiff   [x] Defendant
- [ ] Cross-Defendant   [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff [ ] 3rd-Party Defendant

Original and ___0___ copies of complaint enclosed/attached.

Dated:  05 / 31 / 2022   Signature: _Blu Marull_

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)   Revision Date: 4/2020

### IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**FLORENCE M. ROBEY and**
**BRIAN D. ROBEY,**

      **Plaintiffs,**

**v.**                               **CIVIL ACTION NO.: 22-C-113**
                                              **Honorable Susan B. Tucker**

**ALLISON B. HOYT,**

      **Defendant.**

---

### DEFENDANT ALLISON B. HOYT'S ANSWER TO PLAINTIFFS' COMPLAINT

---

**COMES NOW** Defendant Allison B. Hoyt ("Defendant"), by counsel, Brian J. Warner, Blaire A. Marshall, and the law firm of Shuman McCuskey Slicer PLLC, and provides the following Answer to Plaintiffs' Complaint. As permitted by Rule 8(e)(2) of the West Virginia Rules of Civil Procedure, some defenses to the claims made in the Plaintiff's Complaint may be asserted alternatively and, in some cases, hypothetically. Defenses are being asserted regardless of their consistency and are based both on legal and equitable grounds. As the facts of this civil action are fully developed through the discovery process, certain defenses may be abandoned, modified, or amended as permitted by and consistent with the West Virginia Rules of Civil Procedure.

For her Answer to Plaintiffs' Complaint, Defendant states the following upon information and belief:

1.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and, pursuant to Rule 8(b) of the West Virginia Rules of Civil Procedure, those allegations are denied.

2.      Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of Plaintiffs' Complaint and demands strict proof thereof.

4.      Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint and demands strict proof thereof.

5.      As for the allegations contained in Paragraph 5 of Plaintiffs' Complaint, Defendant admits that Plaintiff Florence M. Robey was operating a vehicle on or near the I-79 exit ramp of 153 Northbound near its intersection with University Town Center Drive, in Morgantown, Monongalia County, West Virginia on or about August 1, 2020.  Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint and demands strict proof thereof.

6.      As for the allegations contained in Paragraph 6 of Plaintiffs' Complaint, Defendant admits that she was operating a vehicle behind Plaintiff Florence M. Robey's vehicle on or about August 1, 2020 and, made contact with the rear of Plaintiff Florence M. Robey's vehicle because Plaintiff Florence M. Robey unforeseeably stopped her vehicle in front of Defendant.  Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint and demands strict proof thereof.

7.      Defendant denies the allegations contained in Paragraph 7, including subparagraphs (a) through (f), of Plaintiffs' Complaint and demands strict proof thereof.

8.      Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint and demands strict proof thereof.

9.      Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint and demands strict proof thereof.

10.     Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint and demands strict proof thereof.

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint and demands strict proof thereof.

12.     Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint and demands strict proof thereof.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint and demands strict proof thereof.

14.     Defendant denies that Plaintiffs are entitled to the relief requested in the "Wherefore" Paragraph, which follows Paragraph 13 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

Defendant, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint and pursuant to Rule 8(e)(2) of the West Virginia Rules of Civil Procedure asserts the following Affirmative Defenses as may be applicable and further reserves the right to withdraw, modify, supplement and/or amend the Affirmative Defenses pending further discovery herein.

1.     Plaintiffs' Complaint fails to state a claim, in whole or in part, against the Defendant upon which relief can be granted.

2.     Defendant denies that she owed a duty to Plaintiffs.

3.     Defendant denies that she breached any duty owed to Plaintiffs.

4.     Defendant denies that she proximately caused injuries or damages to Plaintiffs.

5.      The injuries and/or damages being claimed in this lawsuit were the proximate result of natural disease processes, preexisting conditions, accidental injuries, and/or illness and not the negligence of Defendant.

6.      If, as Plaintiffs allege, the injuries and/or damages being claimed in this lawsuit were a proximate result of negligence, such negligence was that of persons, firms, or corporations over whom Defendant had no control and for whom Defendant is not responsible.

7.      Defendant denies that Plaintiffs are entitled to recover any damages whatsoever against her.

8.      Defendant asserts her right to have any and all fault that proximately caused or contributed to the alleged injuries and/or damages complained of herein, if any, apportioned among those responsible for the same.

9.      Defendant reserves any and all affirmative defenses and the right to plead such affirmative defenses including, but not limited to, West Virginia Code §§ 55-7-13a, 55-7-13b, 55-7-13c, and 55-7-13d.

10.     Defendant pleads and asserts any and all immunities that may be found applicable to her, including, but not limited to, those found in the West Virginia Constitution and/or the West Virginia Code.

11.     Not being fully advised as to all the facts and circumstances surrounding the allegations contained in Plaintiffs' Complaint, Defendant hereby invokes and asserts all other affirmative defenses, which may prove applicable herein, including but not necessarily limited to, those defenses specifically set forth in Rule 8(c) of the West Virginia Rules of Civil Procedure.

12.     Not being fully advised as to all the facts and circumstances surrounding the allegations contained in Plaintiffs' Complaint, Defendant hereby invokes and asserts all other

affirmative defenses, which may prove applicable herein, including but not necessarily limited to, those defenses specifically set forth in Rule 12 of the West Virginia Rules of Civil Procedure.

13.    Plaintiffs may have failed to join indispensable parties.

14.    Plaintiffs' claims may be barred by the applicable statute(s) of limitations.

## JURY DEMAND

Defendant Allison B. Hoyt requests a trial by jury composed of the maximum number of jurors allowable by law.

**WHEREFORE,** having fully answered Plaintiffs' Complaint, Defendant Allison B. Hoyt requests that Plaintiffs' Complaint against her be dismissed, with prejudice, at Plaintiffs' cost in addition to whatever other relief this Court deems appropriate to render.

**ALLISON B. HOYT,**

By Counsel,

Brian J. Warner, Esq. (WVSB#9372)
Blaire A. Marshall, Esq. (WVSB#13991)
***Shuman McCuskey Slicer PLLC***
300 Wedgewood Drive, Suite 110
Morgantown, WV 26505
304-291-2702 / 304-291-2840
bwarner@shumanlaw.com
bmarshall@shumanlaw.com

Page **5** of **6**

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**FLORENCE M. ROBEY and**
**BRIAN D. ROBEY,**

   **Plaintiffs,**

v.                                          **CIVIL ACTION NO.: 22-C-113**
                                            **Honorable Susan B. Tucker**

**ALLISON B. HOYT,**

   **Defendant.**

### Certificate of Service

I hereby certify that on the 31st day of May 2022, I served the foregoing ***Defendant Allison B. Hoyt's Answer to Plaintiffs' Complaint*** upon the parties hereto by depositing a true and accurate copy thereof in the United States mail, postage prepaid, addressed to the following counsel of record:

John R. Angotti, Esq.
David J. Straface, Esq.
Chad C. Groome, Esq.
Angotti & Straface, L.C.
274 Spruce Street
Morgantown, WV 26505
*Counsel for Plaintiffs*

_Bla Marshall_

Brian J. Warner, Esq. (WVSB #9372)
Blaire A. Marshall, Esq. (WVSB #13991)
***Shuman McCuskey Slicer PLLC***

Page **6** of **6**

## OFFICE OF THE CIRCUIT CLERK OF MONONGALIA COUNTY



### JEAN FRIEND, CIRCUIT CLERK

17th Judicial Circuit

75 HIGH STREET, SUITE 12
MORGANTOWN WV 26505
Telephone: 304-291-7240
Fax: 304-291-7273

20th Family Court

June 13, 2022

Cheryl Dean Riley
United States District Court
Post Office Box 2857
Clarksburg, WV 26301

IN RE:  Florence M. Robey et al
Vs.
Allison B. Hoyt
Civil Action No.  22-C-113

Dear Ms. Riley:

Enclosed please find copies of all pleadings filed in the above styled civil action that are being forwarded to you since this action has been removed to your Court.

Please contact this office if we can be of any further assistance in this matter.

Very truly yours,

Jean Friend
Circuit Clerk of Monongalia County

Enclosures

syt